IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
5:05CV21-03-V
(5:03CR12-V)

| | |
|---|---|
| PAUL D. BAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed February 17, 2005.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Petitioner is one of eleven defendants named in a sixteen count Bill of Indictment returned on February 25, 2003. On April 11, 2003, the parties filed a plea agreement with the Court. Petitioner's guilty plea was accepted by the Court on May 7, 2003 after a Rule 11 hearing in which the Court engaged the Petitioner in its standard lengthy colloquy to ensure that his guilty plea was being knowingly and voluntarily tendered. At the Rule 11 hearing, the Petitioner affirmed several matters - including that he understood the charges and penalties he faced; that he actually committed the crime to which he pled guilty; and that he was making his plea freely and voluntarily. On November 3, 2003, the Court sentenced Petitioner to a term of 292 months imprisonment.[1]

---

[1] The life sentence in the plea agreement was based on defendant having two prior drug convictions. At the Plea and Rule 11 Hearing both Defendant and his counsel objected to one of

1

Petitioner appealed to the Fourth Circuit Court of Appeals and on September 17, 2004 the Fourth Circuit, in an unpublished opinion, affirmed Defendant's conviction and affirmed in part and dismissed in part his appeal. The Fourth Circuit specifically concluded that Petitioner's waiver of his right to appeal was valid and that "the record is absent any evidence pointing to a misunderstanding regarding the waiver of appellate rights or the validity of Baker's plea." See USA v. Baker, No 03-4880 (4th Cir. September 15, 2004). The Court dismissed the sentencing issues and affirmed the remainder of the judgment. On February 17, 2005, Petitioner filed the instant Motion to Vacate alleging a violation of the Sixth Amendment in that his counsel was ineffective in failing to investigate and in inducing him to sign the plea agreement.

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Petitioner's Motion to Vacate should be <u>dismissed</u>. That is, the Court finds that the instant record makes it clear that counsel was not deficient.

## II. ANALYSIS

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective

---

the prior convictions and explained to the Court that the actual sentence may be less than life depending on whether the information in the presentence report substantiates both of the prior convictions. During the Plea and Rule 11 Hearing, the Court was quite clear that Defendant understood. The Court said "Let me make sure he understands then, and correct me if I'm wrong, please. It seems to me, as I understand it, that if you – if the government is successful in showing that you have two priors, you face a mandatory life imprisonment, fine of $8 million. If they're only able to prove one prior, you'd face a minimum of 20 years up to life, and an $8 million fine, and a minimum term of supervised release of ten years. Are we agreed on that? Petitioner responded "Yes, sir." (Tr. 5-7.) In fact, the presentence report determined that only one of the prior convictions would be applicable under § 851 and therefore the statutory minimum sentence for Count One was 20 years. Petitioner was then sentenced to 292 months based on total offense level of 35 and a criminal history category of VI.

standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53057; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper, 845 F,2d at 475; accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297. 63, 74-75 (1977).

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Turning now to Petitioner's specific claim, the Court finds that the Petitioner has failed to demonstrate an entitlement to any relief.

Petitioner claims that his attorney was ineffective because he induced Petitioner to plead guilty without adequately investigating the charges against him and without negotiating the terms of the plea agreement with the United States Attorney. The Petitioner's evidence of the above is that only just over forty (40) days passed from the date he was indicted to the date his attorney informed the Court he would be pleading guilty and that his attorney negotiated "the worse [sic] plea agreement in criminal history".[2] Petitioner also claims his plea was not knowing and voluntary.[3]

---

[2] Petitioner claims that the very terms of the plea agreement indicate ineffective assistance of counsel in that the terms benefit the government's interest more than his own. Specifically he points to the provisions (1) requiring him to serve a life sentence; (2) waiving his right to appeal his sentence; (3) waiving his right to post conviction challenges; and (4) waiving his right to challenge any Apprendi claim.

[3] The Court notes that Petitioner waived his right to challenge his conviction and sentence under the terms of his plea agreement. Therefore the Court will construe this claim as part of Petitioner's ineffective assistance of counsel claim.

Regarding the duty to investigate during the period leading up to Petitioner's plea of guilty, Petitioner has not suggested any facts or potential avenues of inquiry, the investigation of which by counsel might have changed the outlook concerning Petitioner's plea. Counsel has no duty to conduct an investigation for its own sake in the absence of plausible indications that it might bear fruit.

Concerning the lapse of only some forty days between indictment and notice to the Court of Petitioner's decision to plead guilty, Petitioner makes no showing why that much time was inadequate. There is no showing, for example, that discovery was so voluminous or complicated that it could not be comprehended in that time. Moreover, an early plea is often tendered to gain tactical advantage with the government.

The Court reviewed Petitioner's Rule 11 plea colloquy and sentencing hearing transcript and is satisfied that Petitioner's counsel was not ineffective. During the plea colloquy the Court specifically inquired of Petitioner (1) if he was satisfied with the services of his counsel; (2) if he had enough time to discuss any possible defenses to the charges with his attorney and (3) whether anyone had threatened, intimidated or forced him to sign the plea agreement. The Petitioner very clearly responded that he was satisfied with his attorney, that he had enough time to discuss possible defenses with his attorney, and that he had not been threatened, intimidated or forced to enter the guilty plea. (See Plea and Rule 11 Hearing Transcript 27 - 28; see also Entry and Acceptance of Guilty Plea Form (Doc. 90).) The Petitioner also told the Court, <u>under oath</u>, that he had reviewed the terms of the plea agreement with his attorney, and he understood the terms of that agreement as they had been explained to him. He also stated that he understood that his right to appeal his conviction and sentence had been expressly waived in the agreement and the right to challenge his conviction

5

and sentence in a post conviction proceeding had also been waived.

With respect to the term in the plea agreement that Petitioner would serve a life sentence, Petitioner's counsel explained to the Court during the Plea and Rule 11 Hearing that if the Government was able to prove two underlying drug convictions Petitioner would face a life sentence. However, if they were only able to prove one prior conviction, Petitioner would be facing a statutory minimum of 20 years. When the presentence report was submitted to the Court, the Government was only able to prove one of the prior drug convictions. Based on his criminal history, Petitioner was ultimately sentenced to 292 months.

Petitioner does not claim that his attorney failed to explain the life verses 20 year sentencing options based on his prior criminal record. In fact, after his attorney explained the discrepancy to the Court, the Petitioner stated that he understood. Additionally, the plea agreement states that the Court has not yet determined the sentence and that any estimate from any source, including defense counsel, is a prediction and not a promise and that the Court has the final discretion to impose any sentence up to the statutory maximum, which was life. The Court finds that counsel was not ineffective because he had Petitioner sign a pea agreement that set forth a life sentence, when it was clear that sentence was predicated on the Government proving two prior drug convictions.

In cases, such as this, the law is well settled that once the trial court conducts a Rule 11 colloquy, such as the one outlined above, and finds the plea to have been knowingly and voluntarily entered and the terms have been understood by the parties, absent compelling reasons to the contrary, the validity of the plea, its terms and the defendant's corresponding guilt are deemed to be conclusively established. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir. 1981). Accord Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (defendant's plea and

statements at Rule 11 proceedings "constitute a formidable barrier" to their subsequent attack). The law is also clear that statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

The record clearly indicates that Petitioner was questioned by the Court regarding his satisfaction with his counsel and he unequivocally responded that he was satisfied with his counsel. The record also clearly shows that Petitioner unequivocally stated that he had not been forced or threatened to sign the plea agreement and that he understood all the provisions of the agreement including the waiver provisions. Finally, the record is clear that Petitioner was only facing a life sentence if the Government was able to prove two underlying drug convictions. At sentencing, the Government was unable to prove the two prior drug convictions and Petitioner was sentenced to 292 months.

Petitioner must take responsibility for his decision to sign the plea agreement. It was his choice to accept or reject the plea. He made the decision to accept and his words at the Rule 11 hearing were clear and unequivocal. The Court is satisfied that the Petitioner's counsel was not ineffective and that despite Petitioner's current dissatisfaction with the terms of his plea agreement[4], he knowingly and voluntarily entered into the agreement. The record in this matter reflects that the Petitioner has failed to state a claim for relief in connection with his allegations of ineffective assistance of counsel. Accordingly, the Petitioner's Motion to Vacate must be dismissed.

---

[4] The Court notes that the provisions of the plea agreement that Petitioner is challenging are standard clauses often seen by the Court in plea agreements.

# ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DISMISSED.**

**Signed: May 24, 2005**

*(signature)*

Richard L. Voorhees
United States District Judge